MARSH (SEYMOUR v.).    See Case No. 12,-687.

## Case No. 9,120.

### MARSH v. UNITED STATES.

[Hoff. Land Cas. 301.] [1]

District Court, N. D. California.    Dec. Term, 1857.

MEXICAN LAND GRANT—LIMITATION OF QUANTITY.

The limitation of quantity in the fourth condition of the grant must govern, and the claimant confirmed to the precise quantity of three square leagues.

Claim for twelve leagues of land in Contra Costa county, rejected by the board, and appealed by the claimant.

Horace Hawes, for appellant.
P. Della Torre, U. S. Atty., for appellees.

HOFFMAN, District Judge. The claim in this case is for a tract of land called "Los Meganos," granted to José Noriega, October 13th, 1835, and approved by the territorial deputation, October 15th. 1835. The final documento and titulo issued December 2d, of the same year. The original grant was not produced to the board, nor was any satisfactory evidence of its contents given. The expediente, however, containing the petition, informes and decree of concession, was found duly archived, and on these documents, together with parol proof that the titulo had in fact issued, the claimant relied for confirmation. In his petition, Noriega set out the boundaries of the land solicited with some particularity, and states its extent to be four leagues from south to north, and three from east to west.

[1] [Reported by Numa Hubert, Esq., and here reprinted by permission.]

Inasmuch as the decree of concession and the approval of the deputation showed that the land of "Los Meganos" had been granted, it was contended that the lost titulo must have embraced the land solicited in the petition. It was not, however, urged that all the land embraced within the boundaries had been granted, and the claim was confined to a tract of twelve square leagues which had been, at the instance of the claimant, surveyed by the surveyor general. By this survey, the last line which enclosed the rancho had been so run as to include the precise quantity of twelve leagues. Had the surveyor's lines been extended so as to embrace the entire tract according to the principles on which the survey was founded, the land would have been found to be about fifteen square leagues in extent. A survey, according to the description contained in the petition, would, it is observed by Mr. Commissioner Felch, embrace some twenty or twenty-five square leagues of land. Since the cause has been pending on appeal, the original record of the titulo has been produced from the archives, where it is set out at length. The fourth condition states the extent of the granted land to be a little more than three square leagues, and it contains the usual direction for a judicial measurement and a reservation of the sobrante.

It is urged that this limitation should be disregarded as being repugnant to the obvious intention of the grantor, and probably introduced by mistake. It is not, perhaps, very clear what the claimant [Alice Marsh] supposes herself entitled to. Whether she contends that the grant should be treated as a grant by metes and bounds, and the whole tract embraced within the boundaries mentioned in the petition should be confirmed to her, to the extent of twenty or twenty-five leagues, or whether, as it appears to have been admitted before the board, she should be restricted to the quantity of twelve leagues, according to the survey procured to be made. It is presumed, however, that independently of the limitation contained in the fourth condition, it would not be contended that the governor could have intended to grant a tract of twenty or twenty-five leagues in extent, when the petitioner himself stated it to contain only twelve leagues, and two of the witnesses a much smaller quantity; and such seems to have been the view taken of the grant by the counsel for the claimant. The grant cannot, therefore, be treated as a grant by metes and bounds, and the only question is, which of the specifications of quantity shall govern—that contained in the petition, or that contained in the grant?

It is urged that the governor by his decree of concession, and the deputation by confirming the title to "Los Meganos," clearly indicated their intention to grant the tract as described in the petition, and of the extent therein mentioned. Had the boundaries of this tract been found to embrace only the quantity stated in the petition; had the at-

tention of the governor been particularly directed to the question of its extent; had he been apprised of its extent by the testimony of witnesses, and with these facts before him, repeated in his concession, and in the title, the boundaries as set forth in the petition; and had the deputation confirmed with express reference to those boundaries, we might have supposed, as in the case of Rosa Pacheco, that the limitation in the condition was the result of a clerical error—provided that in attributing to the governor the intention to grant by metes and bounds, we did not suppose him to have exceeded the quantity of eleven leagues to which his granting power was limited. But in this case the proceedings show, that in all probability the limitation in the condition accurately expressed the intention of the governor and of the assembly.

The petition was referred to the alcalde of the capital to take information, by the oaths of three competent witnesses, as to the qualifications, etc., of the petitioner, and the extent and character of the land. One of them states that the tract petitioned for may be three leagues long, and in width from two leagues to less than one-half a league. The second witness states its extent to be about two and one-half or three leagues in length, and from one-half to two leagues in width. The third witness states it to be four or five leagues in length, and three in breadth. It thus appears that by the evidence of two out of three witnesses the governor and the deputation were apprised that the extent of the land of "Los Meganos" was about three leagues. When, therefore, they granted the land by that name, it is at least as probable that they intended a tract of the extent sworn to by the two witnesses, as of the larger extent sworn to by the third or as represented by the petition. The limitation in the condition of the grant removes all doubt upon the subject, and unequivocally expresses the intention which, without it, we might well have attributed to the grantor.

The claim to twelve leagues rests entirely upon the supposition that the governor intended, by the term "Los Meganos," a tract of the extent represented by the petitioner. But when we find him informed by the depositions of two witnesses that the land of that name only included about three leagues, there is surely as much reason to suppose that he meant a tract of the smaller extent as of the larger. There is therefore nothing repugnant to the apparent intention of the governor or the deputation in the introduction of the limitation of quantity in the fourth condition. Nor can I perceive on what grounds the court would be authorized to strike from the grant so important a part of it. As the grant can in no case be deemed a grant by metes and bounds, the words "a little more than," which precede the words "three leagues," are not susceptible of any definite construction. They were probably inserted as an authority

to the judicial officer, slightly to increase the quantity for convenience of boundary, or similar reasons. As no such discretion can be confided to the surveyor general, those words must be rejected for uncertainty, and the claimant confirmed to the precise quantity of three square leagues, to be located within the boundaries described in the petition, in the form and divisions prescribed by law for surveys in California, and embracing the entire grant in one tract.